United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Carlos Guaico-Bano<br><br>Defendant. | Criminal Action No.<br>25-mj-04104-DHH |

## MEMORANDUM & ORDER

**GORTON, J.**

Defendant, Carlos Guaico-Bano ("defendant"), seeks review of the decision of Magistrate Judge David Hennessy ("the magistrate judge") ordering him to be detained. For the reasons that follow, defendant's motion for review will be denied.

## I. Background

Defendant is an illegal alien who, according to the criminal complaint against him, has attempted to enter the United States illegally on at least seven separate occasions in 2020, resulting in two removals. Sometime after his second removal, defendant again reentered the United States. In 2021, defendant was arrested on two counts of assault and battery and one count of assault and battery with a dangerous weapon in Lawrence, Massachusetts. The government now alleges that, based upon fingerprint identification, defendant has unlawfully reentered the United States in violation of 8 U.S.C. § 1326(a).

- 2 -

At defendant's initial appearance, the government requested that defendant be detained over his objection.  On May 21, 2025, defendant appeared before the magistrate judge for a detention hearing, after which it was determined that defendant should be detained based upon his history and characteristics.  Defendant now seeks review of that decision.

## II. **Legal Standard**

Pursuant to 18 U.S.C. § 3145(b), district judges have jurisdiction to review a detention order imposed by a magistrate judge.  The standard of review for such an order is de novo. United States v. Marquez, 113 F. Supp. 2d 125, 127 (D. Mass. 2000).  To detain a defendant pending trial, a court must find by a preponderance of the evidence that the defendant poses a risk of flight. 18 U.S.C. § 3142.  Upon such a finding, the defendant may be detained only if the court finds that there is no condition of release, or combination thereof, that will "reasonably assure" his appearance. 18 U.S.C. § 3142(d).

## III. **Analysis**

Defendant suggests that the magistrate judge erred in ordering his detention in this case because: 1) the magistrate judge did not memorialize his findings by a written order and 2) the government failed to establish, by a preponderance of the evidence, that defendant poses a serious risk of flight.

When a court orders a defendant detained, the judicial officer must include a "written statement of the reasons for the detention." 18 U.S.C. § 3142(i). Although the First Circuit Court of Appeals has found it "possible" to set aside a detention order for failure to make written findings, the court declined to do so where a hearing transcript sufficiently outlined the reasons for detention. United States v. Tortora, 922 F.2d 880, 883 (1st Cir. 1990). This Court will do the same.

With respect to the grounds for detention, courts must consider 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the defendant, 3) the history and characteristics of the defendant and 4) the danger to any person or the community if the defendant were released. 18 U.S.C. § 3142(g)(1)-(4). The burden is on the government to show that those factors favor detention. United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990) (citing United States v. Jessup, 757 F.2d 378, 381-82 (1st Cir. 1985)).

When arguing for detention in this case, the government stressed that defendant's repeated failures to comply with removal, seven alleged unlawful entries and his criminal history make him a flight risk. This Court agrees that his continual defiance of immigration orders by rapidly returning illegally and other criminal history demonstrate defendant's unwillingness to comply with court orders and thus his risk of flight. See

United States v. Carter, No. CV 19-CR-10104-ADB-1, 2019 WL 5536856, at *3 (D. Mass. Oct. 25, 2019) (finding defendant's criminal history was evidence of a "repeated failure to respect legal authority" and thus a risk of flight); see also United States v. Salgado, No. CR 20-53JJM, 2020 WL 4747931, at *5 (D.R.I. Aug. 17, 2020) (finding defendant's "return to the United States so quickly after his . . . removal, in defiance of the order of the immigration court" signified risk of flight).

Although defendant's family ties to this country are clear, his immigration status further favors his dentation. United States v. Lopez, No. 23-CR-10269-AK, 2023 WL 8039318, at *2 (D. Mass. Nov. 20, 2023) ("The court may, of course, consider a defendant's immigration status in determining whether the defendant may flee."). Given the possibility of deportation that defendant faces in addition to incarceration, the Court agrees with the government that there is an obvious risk defendant may abscond to avoid such a result. See id. The fact that defendant has previously complied with conditions of release does not outweigh his disregard for prior deportation orders, nor does it conjure confidence in his compliance when the potential for incarceration and/or deportation looms.

Defendant rejoins that the magistrate judge improperly found that he was on bail or probation at the time of his reentry and erroneously cited the presence of an immigration

detainer as a reason why defendant posed a flight risk. Cf. Lopez, 2023 WL 8039318, at *4 (finding that the possibility of an ice detainer could not be used as grounds for detention). Even if that were so, the Court finds the facts presented by the government sufficient to conclude by a preponderance of the evidence that defendant poses a risk of flight. Defendant's motion for review of his detention will therefore be denied.

## ORDER

For the foregoing reasons, the motion of defendant, Carlos Guaico-Bano, for review of the magistrate judge's decision ordering him detained (Docket No. 23) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: May 27, 2025